# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

GEORGE SMITH,

*Plaintiff-Appellant,*

v.

UNITED REFRIGERATION,
INCORPORATED,

*Defendant-Appellee.*

No. 02-1460

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, District Judge.
(CA-01-13-1)

Submitted: September 27, 2002

Decided: October 10, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

B. Ervin Brown, II, MOORE & BROWN, Winston-Salem, North
Carolina, for Appellant. W. T. Cranfill, Jr., Robert B. Meyer,
MCGUIREWOODS L.L.P., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George Smith appeals the district court's order granting summary judgment in favor of his former employer, United Refrigeration, Inc., on his age discrimination claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 1999 & Supp. 2002). We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Generally, in order to establish a prima facie case of age discrimination, a plaintiff must establish: (1) he is a member of a protected class; (2) he was qualified for the position and was performing at a level that met his employer's legitimate expectations; (3) he was discharged despite his qualifications and performance; and (4) he was replaced by a member outside the protected class, or someone within the protected class but significantly younger than him. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998); *see also O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). Smith argues, however, that because his position was not filled upon his termination, his claim should be analyzed in the context of a reduction in force (RIF). To establish a prima facie case in a RIF case, the employee must establish: (1) he was protected by the ADEA; (2) he was selected for discharge; "(3) he was performing at a level substantially equivalent to the lowest level of those of the group retained; and (4) the process of selection produced a residual work force of persons in the group containing some unprotected persons who were performing at a lower level than that at which he was performing." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993).

If Smith establishes a prima facie case, the burden shifts to United to articulate a legitimate, nondiscriminatory reason for the adverse

employment action. *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852 (4th Cir. 2001). After the employer offers a legitimate, non-discriminatory reason for the discharge, the burden shifts back to the plaintiff to show the employer's proffered reason is pretextual. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

We have reviewed the parties' briefs, the joint appendix, and the district court's order. We conclude that even if Smith did demonstrate the fourth element of a prima facie case, he failed to demonstrate the second element and so the district court did not err when it determined that he failed to establish a prima facie case. Furthermore, even if Smith could establish a prima facie case, Smith has presented no evidence of pretext. Accordingly, we affirm the judgment of the district court. *See Smith v. United Refrigeration, Inc.*, No. CA-01-13-1 (M.D.N.C. filed Mar. 26, 2002; entered Mar. 27, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*